CASPARI v. THE FIRST GERMAN CHURCH OF THE NEW JERUSALEM, *Appellant.*

82 649
154 580

**Equity:** GIFT: UNDUE INFLUENCE. A gift, disproportioned to her means, made by an aged widow, of a note payable to her, to a church, at the solicitation of its pastor, who was, also, her spiritual and business adviser, and without disinterested advice from others upon the condition, which the deed of gift omitted to recite, that she was to receive the interest on the note during her life, will, at her suit in equity, be set aside.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Kehr & Tittman* for appellant.

Advice, persuasion or entreaty does not constitute un-due influence, and will not vitiate a gift made freely and from conviction of its propriety, though such gift might never have been made but for such advice, persuasion or entreaty. *Howe v. Howe,* 99 Mass. 99 ; *Children's Aid Soc. v. Loveridge,* 70 N. Y. 394; *Breck v. Breck,* 66 N. Y. 144 ;. *Zimmerman v. Zimmerman,* 23 Pa. St. 375 ; *Joe v. McCord,* 74 Ill. 44; *Sutton v. Sutton,* 5 Kas. 459 ; *McDaniel v. Crosby,* 19 Ark. 533. There was in this case no other degree of confidence or influence between the plaintiff and the pastor,. than the ordinary relation which exists between the pastor and every member of his congregation. A rule of pre-sumption which may be wise when applied to gifts made upon a sick-bed, or in immediate anticipation of death, cannot be applied here. The plaintiff, though aged, was in fair health and in full possession of her mental faculties. Up to the time of the death of Gustav Morgens, he was. her adviser. She at all times had the assistance and advice of friends. The presumption of undue influence is dis-proved by the facts of the case. The interest clause was left out of the deed of gift by her consent; the obligation, if any, is, therefore, a moral and not a legal obligation.. But treating it as a legal obligation, the failure to comply with the promise does not avoid the gift. *McKane v. Bon-ner,* 1 Bailey 113 ; *Fonty v. Fonty,* 44 Ind. 133 ; *Long v. Woodman,* 58 Mo. 49, 53; *Hazlett v. Burge,* 22 Ia. 535 ; *Gallagher v. Brunell,* 6 Cow. 346 ; *Gage v. Lewis,* 68 Ill. 616 ;. *State v. Pruther,* 44 Ind. 287 ; *Schaeffer v. Muenchen,* 7 Mo. App. 563. It is well settled law that a deed of trust or mortgage of personalty, may be void in part and valid in part. *State to use of Voullaire v. Tasker,* 31 Mo. 445 ; *State*

*to use of Decker v. D'Oench,* 31 Mo. 453. A statute may be valid in part and void in part. *Co. Ct. St. Louis Co. v. Griswold,* 58 Mo. 175, 199 ; *State ex rel. Woodson v. Brassfield,* 67 Mo. 348. Mrs. Caspari having induced the defendant to consummate the purchase of the new church building by the gift of the $4,000 note, which thereby became an asset of defendant, upon which it might properly rely, and did rely, in purchasing the church, it is a detriment to defendant to permit the plaintiff now to withdraw this asset, and hence plaintiff is estopped from questioning the gift.

*Breck. Jones* for respondent.

This case falls within the principles decided in the following cases : *Garvin v. Williams,* 44 Mo. 465 ; *s. c.,* 50 Mo. 206 ; *Harvey v. Sullens,* 46 Mo. 147 ; *Cadwallader v. West,* 48 Mo. 483 ; *Yosti v. Laughran,* 49 Mo. 594 ; *Street v. Goss,* 62 Mo. 229 ; *Rankin v. Patton,* 65 Mo. 411 ; *Bradshaw v. Yates,* 67 Mo. 221 ; *Ford v. Hennessy,* 70 Mo. 580 ; *Miller v. Simonds,* 5 Mo. App. 33 ; *s. c.,* 72 Mo. 669. The presumption of undue influence is stronger in the case of a minister of religion than in any other of the confidential relations. *Norton v. Relby,* 2 Eden 286 ; *Huguenin v. Basely,* 14 Ves. Jr. 299. This presumption throws upon the donee the burden of showing by the clearest evidence that the gift was the spontaneous act of the donor's own unbiased mind and flowed from a free and uninfluenced volition. *Harvey v. Sullens,* 46 Mo. 147 ; *Cadwallader v. West,* 48 Mo. 502 ; *Garvin v. Williams,* 50 Mo. 206 ; *Greenfield Estate,* 14 Pa. St. 489, 504 ; 1 Story's Eq., § 311 ; 2 White & Tudor's Lead. Cases in Eq., 1119. The presumption of fraud is intensified by secrecy and the improvidence of the gift, false recital of consideration, absence of a power of revocation and withholding of disinterested advice. It matters not that the pastor did not receive the benefit of the gift. Whoever received it took it infected with the undue influence and imposition of the person procuring it. *Yosti v. Laughran,*

·49 Mo. 599 ; *Rankin v. Patton*, 65 Mo. 387 ; *Ford v. Hennessy, supra*, where the point is fully discussed.    When fraud or undue influence is shown to have been the moving cause for any part of a gift, the court will not go into vulgar fractions to see what part, if any, is good, but will set the whole aside.    *Phillipson v. Kerry*, 32 Beav. 637 ; *Brown v. Kennedy*, 33 Beav. 133 ; *Turner v. Collins*, 7 L. R. Ch. App. 342.    The acquiescence or ratification of the donor is of no importance while her situation remains unchanged.    *Hatch v. Hatch*, 9 Ves. Jr. 292 ; *Bridgeman v. Green*, 2 Ves. Sr. 627 ; 2 White & Tudor's Lead. Cases Eq., 1263, and cases cited.

NORTON, J.—This suit was brought to set aside a gift made by plaintiff to defendant of a note for $4,000 on the ground that the gift was obtained by fraud.    The circuit court rendered judgment for plaintiff from which defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, from which judgment defendant has appealed to this court.

A careful examination of the evidence shows that it establishes the following facts : that the pastor of defendant church was the spiritual and business adviser of the plaintiff, and that she had the utmost confidence and trust in him; that plaintiff was an aged and feeble widow and sought advice in regard to her temporal and spiritual affairs from the pastor; that the gift was disproportioned to her means ; that it was obtained through the solicitation and active participancy of the pastor; that he drew the deed of gift to the note; that it was then copied by his wife in order that it might not appear in his handwriting, lest it might excite suspicion as to the validity and fairness of the transaction ; and the fact that she was to receive interest on the note during her life was not incorporated in the deed for the same reason, and that she did not have competent and disinterested advice.

The above facts being established brings the case within

the principles announced in the cases of *Garvin v. Williams*, 44 Mo. 467; *Cadwallader v. West*, 48 Mo. 502; *Rankin v. Patton*, 65 Mo. 378; *Bradshaw v. Yates*, 67 Mo. 221; *Ford v. Hennessy*, 70 Mo. 580, and justify the judgment rendered by the circuit court. The case is reported in 12 Mo. App. 293, where in an exhaustive opinion rendered by Thompson, J., affirming the judgment of the circuit court, the evidence is fully and fairly stated at great length and the authorities supporting the judgment appropriately referred to.

Judgment affirmed, in which all concur.